IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TROY W. WHEATLEY,

       Petitioner,

v.                                                                      Case No.: 2:25-cv-00733

UNITED STATES OF AMERICA,

       Respondent.

PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Pennsylvania. (ECF No. 1). On December 12, 2025, this matter was transferred to this District, docketed, and assigned to the Honorable Irene C. Berger, United States District Judge. (ECF Nos. 3, 4). By Standing Order, this matter has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 6). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that this action be **DISMISSED** for failure to prosecute or comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).

I.    **Relevant History**

On December 8, 2025, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). The case was transferred to this District on December 12, 2025, and that same day, the Court sent Petitioner notice of Petitioner's

1

failure to remit the requisite filing fee. (ECF No. 5).

On January 27, 2026, Petitioner filed an Application to Proceed on Appeal without Prepayment of Fees. (ECF No. 7). However, that Application was incomplete, as Petitioner failed to answer Questions 2b, 3, and 6 or to date his signature on page 2. (*Id.*). Accordingly, on March 17, 2026, the Court entered an Order directing Petitioner to pay the filing fee or submit a fully completed Application to Proceed without Prepayment of Fees and Costs by no later than April 16, 2026, and provided a copy of said Application to Petitioner. (ECF No. 8). That Order notified Petitioner that failure to pay the fee or submit the application may result in a recommendation that the petition be dismissed for failure to prosecute. (*Id.*). It further reminded Petitioner of his obligation to promptly notify the Clerk of Court of any changes in Petitioner's address. (*Id.*).

Following no response or payment by Petitioner, the Court entered an Order to Show Cause on April 28, 2026, notifying Petitioner that the undersigned would recommend dismissal of this action thirty days from the date of said Order for failure to prosecute and failure to abide by a Court Order, unless Petitioner complied with the Court's March 17, 2026, Order and showed good cause for retention of the case on the docket. (ECF No. 9). To date, Petitioner has not corresponded with the Court, paid the filing fee, or otherwise indicated his intent to pursue his case.

## II.    Discussion

"The authority of a federal trial court to dismiss a Petitioner's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal

Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the Petitioner fails to prosecute or to comply with these rules or a court order."[1] Similarly, under this court's Local Rule of Civil Procedure 41.1, when it appears that a Petitioner has no interest in further prosecution of a complaint:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[2]

The appropriateness of a dismissal that is not voluntarily sought by a Petitioner "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the Petitioner; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of Petitioner deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

---

[1] Fed. R .Civ .P. 41(b) states, in relevant part, "If the Petitioner fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." However, although Fed. R. Civ. P. 41(b) does not explicitly provide for *sua sponte* dismissal, it does not abrogate the power of the court to act on its own initiative. *Link*, 370 U.S. at 630–32; *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976).

[2] L. R. Civ. P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

Having considered each of these factors, in turn, the undersigned **FINDS** that dismissal is warranted. As noted, according to the Court's docket, Petitioner received the Court's prior Orders. However, he has not paid the filing fee, filed an updated Application, or communicated with the Court in any manner since that time. Petitioner was advised that this case would not proceed if he did not pay the filing fee or submit an updated Application, yet, he failed to abide by the Court's directives. These failures add up to a case history of Petitioner proceeding in a deliberately dilatory fashion. This civil action has been pending on the court's docket for months, and during that time there has been no action by, nor communication from, Petitioner. Thus, Petitioner is entirely responsible for the delay in prosecution.

As a rule, a delay in prosecution causes some measure of prejudice to Respondent as witnesses become unavailable and memories become stale with the passage of time. Furthermore, considering that Petitioner disregarded the Court's Order, a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96. Given that Petitioner failed to pay his filing fee, the Court is left with only two options: dismiss the case or allow it to sit on the docket dormant. The latter option is patently unfair to Respondent.

While dismissal is the preferable course, the undersigned acknowledges that the reason for Petitioner's failure to prosecute his claim and abide by the Court's Order is unknown. Accordingly, the undersigned recommends that dismissal be **without prejudice** to account for the possibility that Petitioner's dilatoriness is excusable and there is good cause to reopen or reinstitute the claim.

### III.    Proposal and Recommendations

Wherefore, for the stated reasons, the undersigned respectfully **PROPOSES** that

the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the Petition for Writ of Habeas Corpus, (ECF No. 1), be **DENIED** and that this action be **DISMISSED** without prejudice and removed from the docket of the court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Berger and Magistrate Judge Reeder.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to mail a copy of the same to Petitioner.

**FILED**: June 4, 2026



Joseph K. Reeder
United States Magistrate Judge

5