IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TROY W. WHEATLEY,

           Petitioner,

v.                                        CIVIL ACTION NO.  2:25-cv-00733

UNITED STATES OF AMERICA,

           Respondent.

MEMORANDUM OPINION AND ORDER

On December 8, 2025, in the Eastern District of Pennsylvania, the Petitioner, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Document 1).  On December 12, 2025, the matter was transferred to this District.  (Documents 3 & 4).  Subsequently, on January 27, 2026, the Petitioner filed an *Application to Proceed Without Prepayment of Fees and Costs* (Document 7).

By *Standing Order* (Document 6) entered on December 15, 2025, the matter was referred to the Honorable Joseph K. Reeder, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.

By *Order* (Document 8) entered on March 17, 2026, the Magistrate Judge noted that the Petitioner's *Application to Proceed Without Prepayment of Fees and Costs* (Document 7) was incomplete, and ordered the Petitioner to submit a fully completed and signed application within thirty (30) days.  The Petitioner was advised that failure to either pay a $5.00 filing fee or submit

1

an amended application may result in a recommendation that his Petition be dismissed. The Petitioner failed to respond.

Subsequently, on April 28, 2026, the Magistrate Judge entered an *Order to Show Cause* (Document 9) noting the Petitioner's failure to respond to the prior March 17, 2026, *Order* and giving the Petitioner notice that, unless he complies with the Court's prior *Order* (Document 8) and shows good cause for retention of this case on the docket within thirty (30) days, the Magistrate Judge would recommend the dismissal of his action for failure to prosecute and for failure to abide by a court order. The Petitioner again failed to respond.

On June 4, 2026, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (Document 10) wherein it is recommended that this Court deny the Petitioner's Petition for Writ of Habeas Corpus (Document 1), dismiss this action without prejudice, and remove the matter the Court's docket. Objections to the Magistrate Judge's *Proposed Findings and Recommendation* were due by June 22, 2026.

Neither party has timely filed objections to the Magistrate Judge's *Proposed Findings and Recommendation*. The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the *Proposed Findings and Recommendation*, and **ORDERS** that the Petitioner's Petition for Writ of Habeas Corpus

(Document 1) be **DENIED** and this action be **DISMISSED WITHOUT PREJUDICE** and **REMOVED** from the Court's docket.  The Court further **ORDERS** that the Petitioner's *Application to Proceed Without Prepayment of Fees and Costs* (Document 7) be **TERMINATED AS MOOT**.

The Court has additionally considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The Court concludes that the governing standard is not satisfied in this instance.  Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Reeder, counsel of record, and any unrepresented party.

ENTER:        June 29, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

3